In the matter of the Merchants' Society, Rochereau & Co. *vs.* Flanders, etc.

does not contain the naturalization certificate, or the bond of appeal, without assigning any reason for the omission. There was no statement of facts, no bill of exception, no special verdict, and no assignment of errors.

MARR, J., delivered the opinion dismissing the appeal *ex proprio motu.*

No. 6649.

IN THE MATTER OF THE MECHANICS' SOCIETY, ROCHEREAU & CO. VS. B. F. FLANDERS, LIQUIDATOR. FACTORS & TRADERS' INS. CO. VS. SAME. THE STATE, APPELLANT.

Applications for extension of time to bring up the transcript are granted without prejudice to the appellee's right to move to dismiss, or to show that the extension should not have been granted.

Application for extension of time must be made before the expiration of that allowed by law, and if time has been once extended and more is desired, the application for it must be made before the expiration of that first granted.

APPEAL from the Superior District Court of New Orleans. LYNCH, J.

*Semmes & Mott, C. E. Schmidt, Gibson & Gibson, Thomas* and *Lewis* for Appellees. *H. N. Ogden,* Attorney-General, and *Flanagan* for the State Appellant.

MARR, J. The State of Louisiana, not an original party, took a devolutive appeal in these two cases consolidated; which was returnable on the third Monday, January 15, 1877.

On January, 13, the Attorney-General applied for an extension of time, which was granted until the fourth Monday, January 22nd.

On April 21st, an application was made for further extension until April 25th, to bring up the transcript, the Attorney-General, stating that he had not been able to obtain the possession of the original records in order to have the transcript properly certified; and this was also granted.

The transcript was filed on April 25th; and the appellees moved, on the 28th, to dismiss the appeal on several grounds, one

of which is that the extension could not be granted after the expiration of the delay.

Applications for extension of time beyond the original return day, to bring up the transcript, are made *ex parte* and are granted, of course, without prejudice to the right of the appellee, to move to dismiss, or to show that the extension should not have been granted.

The appellant is allowed three judicial days after the return day, to bring up the transcript. If further time is required, he must apply for an extension before the expiration of the original delay.

The extension is simply the changing of the return day; and the transcript must be filed as if that had been the original return day.

The failure to apply for a new extension before the expiration of that granted, vests rights in the appellee of which this court cannot deprive him; and no further delay can be granted. Code of Practice Arts. 587, 589, 883, 884. 9 A. 21; 19 A. 123; 23 A. 373, 374.

*Appeal dismissed.*